McKINSTER, J.
I respectfully dissent.
In my view, Dole’s opposition to the state’s summary judgment motion was sufficient to raise a triable issue of material fact with respect to changed conditions. Specifically, Dole submitted the state’s own design manuals to show that highway overcrossings with pedestrian walkways in urban areas should include protective fencing. If the Cherry Avenue overcrossing were built in accordance with the design manual in effect at the time of the accident at issue in this case, the overcrossing would have had protective fencing. The state’s design change was not, as the majority contends, merely an improvement on an already effective design; it was an entirely new design addressing a problem that was not addressed when the Cherry Avenue overcrossing was built—that pedestrians throw objects off over-crossings into the freeway traffic below. The majority’s analogy to a “better mousetrap” (maj. opn., ante, at p. 493) is inapt. Here, the original design did not prevent people or objects from falling or being thrown from the over-crossing into the traffic below. Using the majority’s mousetrap analogy, the state’s original mousetrap did not catch mice. Thus, the changed design is not merely an improvement, as the majority claims, but, rather, is an entirely new design directed at changed conditions—specifically, increased numbers of people tossing things off overcrossings and more cars on freeways than when the state originally designed the overcrossing.
I also disagree with the majority’s reliance on Streets and Highways Code section 92.6 to support its conclusion. The majority notes that the legislation does not require retrofitting of all unscreened overcrossings with pedestrian walkways. (Maj. opn., ante, at p. 492.) The statute, in my view, is not relevant to the issue of whether the overcrossing design is defective. Instead, *496 the legislation, which in my view impliedly acknowledges the deficiency in the unfenced design, operates only to allocate the risk of liability versus the cost of fencing. The fact that the state does not have the financial resources to retrofit all existing overcrossings with pedestrian walkways in urban areas does not change the underlying fact that the unfenced design is dangerous and defective.
In my view, Dole raised a triable issue of material fact under Government Code section 830.6 which provides that once the state has notice that conditions have changed such that a design has become dangerous, design immunity “will continue for only a reasonable period of time sufficient to allow the entity to obtain funds to carry out the remedial work" necessary to bring “the property back into conformity with a reasonable design or plan.” (Compton v. City of Santee (1993) 12 Cal.App.4th 591, 598 [15 Cal.Rptr.2d 660].) Whether the state had a reasonable period of time, from the time it recognized the defect in the original overcrossing design, within which to obtain funds to correct that defect is a triable issue of material fact. Therefore, I would reverse the summary judgment in this case.
Appellant’s petition for review by the Supreme Court was denied February 18, 1998.